# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GEOMETRY L. MILTON,**

    Petitioner,

    v.                                                 Case No. 14-CV-312

**TIM HAINES,**

    Respondent.

## ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT APPELLATE RECORD

      Geometry L. Milton filed a motion for leave to supplement the appellate record pursuant to Fed. R. App. P. 10(e) and Seventh Circuit Rule 10(b). (Docket # 47.) Milton seeks to supplement the appellate record with a CD (referred to as CD # 7) containing statements made by Milton during a police interview conducted on September 12, 2008. (*Id.* at 2.) While the CD was part of the trial record, it was not included in the Wisconsin Court of Appeals' record on appeal. (*Id.*)

      The respondent opposes supplementing the appellate record with CD # 7, arguing that pursuant to *Cullen v. Pinholster*, 563 U.S. 170 (2011), a federal court conducting review of a state court's decision under 28 U.S.C. § 2254(d)(1) may consider only evidence that was before the state court whose decision is under review. In this case, that court is the Wisconsin Court of Appeals. (Docket # 49.)

      I agree with the respondent that *Pinholster* limits federal review to the record before the state court whose decision is under review. The *Pinholster* Court stated that: "[w]e now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. Although Milton points to decisions of both the Fifth and Ninth

Circuits that broadly interpreted *Pinholster* to allow a federal court on habeas review to consider information that was available to the state trial court, even if that information was not also presented to the state appellate court, *see McDaniels v. Kirkland*, 813 F.3d 770 (9th Cir. 2015) and *Higgins v. Cain*, 720 F.3d 255 (5th Cir. 2013), the Seventh Circuit has not similarly interpreted *Pinholster* so broadly. Rather, the court has agreed that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Jordan v. Hepp*, 831 F.3d 837, 849 (7th Cir. 2016). Milton argues that the court of appeals failed to reference the interview found on CD # 7 even though the evidence was available as part of the trial court record. (Docket # 47 at 4.) But it is the responsibility of the parties, not the court, to develop the appellate record. *Mercury Records Prods., Inc. v. Econ. Consultants, Inc.*, 91 Wis. 2d 482, 506, 283 N.W.2d 613, 625 (Ct. App. 1979) ("The responsibility for the composition of the appellate record lies with both appellant and respondent."). Thus, Milton's motion to supplement the appellate record is denied.

**NOW, THEREFORE, IT IS ORDERED** that Milton's motion for leave to supplement the appellate record (Docket # 47) is hereby **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of March, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge